# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF TEXAS
# MARSHALL DIVISION

| | |
|---|---|
| **CPUMATE INC. and GOLDEN SUN NEWS TECHNIQUES CO., LTD.** <br><br> Plaintiffs, <br><br> v. <br><br> **TOSHIBA CORPORATION and TOSHIBA AMERICA INFORMATION SYSTEMS, INC.** <br><br> Defendants. | CIVIL ACTION NO. <br><br><br> JURY TRIAL DEMANDED |

## COMPLAINT FOR PATENT INFRINGEMENT

Plaintiffs CpuMate Inc. and Golden Sun News Techniques Co., Ltd. ("Plaintiffs") for its Complaint against Toshiba Corporation and Toshiba America Information Systems, Inc. (collectively "Toshiba" or "Defendants"), demands a trial by jury and alleges as follows:

## PARTIES

1.   Plaintiffs CpuMate Inc. is a Taiwanese company with a principal address of No. 13, Wu-chiuan 5th Rd., Wu-Ku Industrial District, Taipei Hsien, 248, Taiwan, R.O.C. and Golden Sun News Techniques Co., Ltd. is a Taiwanese company with a principal address of No. 60 Wucyuan Rd., Wugu District, New Taipei City 248, Taiwan R.O.C.

2.   On information and belief, Defendant Toshiba Corporation is a Japanese corporation with its principal place of business at 1-1, Shibaura 1-chrome, Minato-ku, Tokyo 105-8001, Japan. On information and belief, Toshiba Corporation is a nonresident of Texas who engages in business in this state, but does not maintain a regular place of business in this state or a designated agent for service of process in this state. On information and belief, Toshiba

Corporation resides in this jurisdiction within the meaning of 28 U.S.C. § 1400(b). This proceeding arises, in part, out of business done in this state. Toshiba Corporation may be served with process in Taiwan pursuant to the Hague Convention on the Service Abroad of Judicial and Extrajudicial Documents, Article 1, November 15, 1965 T.I.A.S. No. 6638, 20 U.S.T. 361 (U.S. Treaty 1969). Toshiba Corporation regularly conducts and transacts business in Texas, throughout the United States, and within the Eastern District of Texas, itself and/or through one or more subsidiaries, affiliates, business divisions, or business units.

3. On information and belief, Defendant Toshiba America is incorporated under the laws of California with its principal place of business at 9740 Irvine Blvd., Irvine, CA 92618. This defendant is registered to do business in the State of Texas and has appointed CT Corporation Systems, 350 N. St. Paul St., Suite 2900, Dallas, TX 75201 as its agent for service of process. On information and belief, Toshiba regularly conducts and transacts business in the United States, throughout the State of Texas, and within the Eastern District of Texas, either itself and/or through one or more subsidiaries, affiliates, business divisions, or business units and has committed acts of infringement within the meaning of 28 U.S.C. § 1400(b).

## JURISDICTION AND VENUE

4. This action arises under the Patent Laws of the United States, namely, 35 U.S.C. §§ 1 et seq. This Court has exclusive subject matter jurisdiction over this action pursuant to 28 U.S.C. §§ 1331 and 1338(a).

5. Venue is proper in this district under 28 U.S.C. §§ 1391(b)(2) and (c) and/or 1400(b). On information and belief, Toshiba has transacted business in this district, and has committed acts of patent infringement in this district, by making, using, selling, and /or offering for sale at least the Toshiba Satellite M500 Series computers.

6. On information and belief, Toshiba is subject to this Court's general and specific personal jurisdiction because: Toshiba has minimum contacts within the State of Texas and the Eastern District of Texas and, pursuant to due process and/or the Texas Long Arm Statute, Toshiba has purposefully availed itself of the privileges of conducting business in the State of Texas and in the Eastern District of Texas; Toshiba regularly conducts and solicits business within the State of Texas and within the Eastern District of Texas; and causes of action arise directly from Toshiba's business contacts and other activities in the State of Texas and in the Eastern District of Texas.

## COUNT I
## INFRINGEMENT OF U.S. PATENT NO. 7,562,696

7. Plaintiffs are the owners of all rights, title and interest to United States Patent No. 7,562,696 ("the '696 Patent") entitled "Juxtaposing Structure for Heated Ends of Heat Pipes." The '696 Patent was issued on July 21, 2009 after a full and fair examination by the United States Patent and Trademark Office. The application leading to the '696 Patent was filed on May 16, 2006. Attached as Exhibit "A" is a copy of the '696 Patent.

8. The '696 Patent is generally directed to a juxtaposing structure for a plurality of heat pipes.

9. On information and belief, Toshiba has been and now is infringing the '696 Patent in the State of Texas, in this judicial district, and elsewhere in the United States by making, using, importing, selling or offering to sell devices having a juxtaposing structure for a plurality of heat pipes according to the '696 Patent. On information and belief, examples of Toshiba products that infringe the '696 Patent include, its Toshiba Satellite M500 Series. Toshiba is thus liable for infringement of the '696 Patent pursuant to 35 U.S.C. § 271.

10. As a result of Toshiba's infringement of the '696 Patent, Plaintiffs have suffered monetary damages in an amount not yet determined, and will continue to suffer damages in the future unless Toshiba's infringing activities are enjoined by this Court.

11. Unless a permanent injunction is issued enjoining Toshiba and its agent, servants, employees, representatives, affiliates, and all others acting on or in active concert therewith from infringing the '696 Patent, Plaintiffs will be greatly and irreparably harmed.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiffs respectfully requests that this Court enter:

A. A judgment in favor of Plaintiffs that Toshiba has infringed the '696 Patent.

B. A permanent injunction enjoining Toshiba and its officers, directors, agents, servants, affiliates, employees, divisions, branches, subsidiaries, parents, and all others acting in active concert therewith from infringing the '696 Patent;

C. A judgment and order requiring Toshiba to pay Plaintiffs its damages, costs, expenses, and prejudgment and post-judgment interest for Toshiba infringement of the '696 Patent as provided under 35 U.S.C. § 284;

D. An award to Plaintiffs for enhanced damages resulting from the knowing, deliberate, and willful nature of Defendants' prohibited conduct with notice being made at least as early as the date of the filing of this Complaint, as provided under 35 U.S.C. § 284;

E. A judgment and order finding that this is an exceptional case within the meaning of 35 U.S.C. § 285 and awarding to Plaintiffs its reasonable attorneys' fees; and

F. Any and all other relief to which Plaintiffs may show itself to be entitled.

## DEMAND FOR JURY TRIAL

      Plaintiffs, under Rule 38 of the Federal Rules of Civil Procedure, requests a trial by jury of any issues so triable by right.

Dated: April 26, 2013

Respectfully submitted,

CPUMATE INC. and GOLDEN SUN
NEWS TECHNIQUES CO., LTD.

/s/ Winston O. Huff
Winston O. Huff, Attorney in Charge
Texas State Bar No. 24068745
Deborah Jagai
Texas State Bar No. 24048571
W. O. Huff & Associates, PLLC
302 N. Market Street, Suite 450
Dallas, TX 75202
214.749.1220 (Firm)
469.206.2173 (Fax)
whuff@huffip.com
djagai@huffip.com

ATTORNEYS FOR PLAINTIFFS
CPUMATE INC. and GOLDEN SUN
NEWS TECHNIQUES CO., LTD.

## CERTIFICATE OF FILING

      I hereby certify that on April 26, 2013 I electronically filed the foregoing document with the Clerk of the Court using the CM/ECF system.

Respectfully submitted,

/s/ Winston O. Huff
Winston O. Huff, Attorney in Charge